IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANADARKO PETROLEUM CORPORATION,<br><br>            Plaintiff,<br><br>    vs.<br><br>HILTON PETROLEUM, INC., et al.,<br><br>            Defendant. | No. CV-F-04-5827 REC/DLB<br><br>ORDER DISMISSING ACTION AGAINST STB ENERGY, INC.; GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS HILTON PETROLEUM, INC. AND KOB ENERGY, INC.; AND DIRECTING CLERK TO ENTER JUDGMENT FOR PLAINTIFF |

On November 7, 2005, the court heard plaintiff Anadarko Petroleum Corporation's motion for default judgment against defendants Hilton Petroleum, Inc. and KOB Energy, Inc. No written responses and no appearances were made on behalf of Hilton or KOB. Following oral argument, the court ordered Anadarko to file a supplemental declaration, which declaration has been filed as ordered.

On June 14, 2004, Anadarko, a Delaware corporation, filed a Complaint for Breach of Contract and Declaratory Relief against

1

1  Hilton, alleged to be a Nevada corporation; KOB., alleged to be a
2  Colorado corporation; and STB Energy, Inc., alleged to be a Texas
3  corporation.
4      Service of process has not been effected on STB Energy, Inc.
5  According to the Joint Scheduling Report filed by Anadarko on
6  September 14, 2005, Anadarko attempted to serve STB Energy, Inc.
7  at its places of business in Bakersfield, California; Chatham,
8  New Jersey; Bridgeport, Texas; Tulsa, Oklahoma; and Oklahoma
9  City, Oklahoma, only to learn that STB Energy, Inc. no longer
10 resides at those locations.  Anadarko then began the process of
11 serving STB Energy, Inc. at its headquarters in Vancouver,
12 British Columbia, Canada, which process was then on-going.  To
13 date, no service of process has been made on STB Energy, Inc.  At
14 oral argument on November 7, 2005, Anadarko advised the court
15 that this action should be dismissed as against STB Energy, Inc.
16     On June 17, 2004, Anadarko served the summons and Complaint
17 on Hilton and KOB by personally serving Monica Maser, Paracorp
18 Incorporated, in Sacramento as the person authorized to accept
19 service of process.  Neither Hilton or KOB filed an answer or
20 otherwise appeared in this action.  In addition, Anadarko
21 represented that an attorney, Craig Stoner, contacted counsel for
22 Anadarko and indicated that the defendants would not answer the
23 Complaint.
24     Default was entered against Hilton and KOB by the Clerk on
25 September 15, 2004.
26     Anadarko now moves the court for default judgment against

Hilton and KOB.[1]

If a default has been entered against a defendant, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. Wright, Miller & Kane, 10A Federal Practice and Procedure, § 2688, pp. 58-59 (1998). However, liability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability. Id. at 60-61. If the damages are not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary. Id. at 64.

According to the allegations of the Complaint, the Declaration of Alan Fitzgerald, and the Declaration of James J. O'Malley in support of the motion for default judgment, defendant STB and several other entities entered into an agreement on January 30, 1998 to explore hydrocarbons in certain

---

[1] Anadarko filed a supplemental declaration on September 23, 2005 in which Anadarko's attorney, Mr. Sweeney, avers that he served a copy of the motion for default judgment on Hilton and KOB on September 15, 2005 at the address to which the summons and Complaint were served, that the copies were returned with a printout from the California Secretary of State business portal website indicating that the registered agent for service of process for Hilton is now located in Vancouver, British Columbia, that counsel then served a copy of the motion for default judgment on Hilton by mail to the address for service of process in Vancouver on September 21, 2005, that counsel conducted a search on the California Secretary of State business portal website to determine if there had been a change in KOB's registered agent for service of process since service of the summons and Complaint, that the search revealed that the agent for service of process for KOB is the same as for Hilton and is located in Vancouver, and that service of the motion for default judgment was served on that agent on September 21, 2005.

3

1  San Joaquin Basin Lands, which agreement is referred to as the
2  East Lost Hills Exploration Agreement (hereinafter referred to as
3  the Agreement).  Pursuant to the terms of the Agreement, the
4  operator of the exploration for hydrocarbons was to be Bellevue
5  Resources, Inc.  However, Bellevue Resources, Inc. resigned its
6  position as operator effective July 1, 1999 and was replaced by
7  Berkley Petroleum Corp.  In March, 2001, Anadarko subsequently
8  acquired the stock of Berkley Petroleum Corp. and took over
9  Berkley's role as operator under the Agreement.  Pursuant to the
10 Agreement, the operator was to drill an initial test well,
11 Bellevue #1-17.  If oil or gas in commercial quantities was
12 discovered, additional wells were contemplated.  The development
13 and operation of additional wells was governed by the Joint
14 Operating Agreement, identified as Exhibit G to the Agreement.
15 Hilton and KOB subsequently acquired working interests in the
16 East Lost Hills exploration and were bound by the Joint Operating
17 Agreement.  In May, 1998, Bellevue #1-17 discovered commercial
18 gas.  Therefore, the Joint Operating Agreement took effect and
19 the development of nine additional wells, ELH #1 through ELH #9,
20 began.  Under the terms of the Joint Operating Agreement, the
21 non-operators were obligated to pay the operator for costs
22 associated with drilling, development and operation of the wells
23 known as ELH #1 through ELH # 9.  As detailed in the Joint
24 Operating Agreement, STB, KOB and Hilton were obligated to pay
25 Anadarko for the following costs:
26              (a) ecological and environmental costs

4

          associated with satisfying regulatory or environmental considerations.

          (b) lease rentals and royalties.

          (c) labor costs, including employee benefits.

          (d) materials, including transportation costs.

          (e) contract services, equipment, and utilities provided by third parties.

          (f) equipment and facilities furnished by the operator.

          (g) damages and losses necessary for the repair or replacement of property.

          (h) legal expenses.

          (i) taxes.

          (j) insurance.

          (k) abandonment and reclamation.

          (l) communications.

          (m) other expenditures that were necessary and proper in the development and operation of the wells.

The Complaint alleges that Hilton and KOB have failed to make all of the payments required under the Joint Operating Agreement. Fitzgerald, a certified public accountant and Supervisor, Joint Interest Accounting for Anadarko, avers that he is responsible for calculating and tracking all monies due by parties pursuant to the terms of the Joint Operating Agreement, that Hilton and KOB, among others, have failed to make all of the payments required under the Joint Operating Agreement, and that the monies owed by Hilton and KOB have been calculated and determined

according to the Council of Petroleum Accountants Societies (COPAS). Fitzgerald's declaration and the exhibits attached thereto establish to the court's satisfaction that Hilton is liable to Anadarko for a sum total of $115,057.20 and that KOB is liable to Anadarko for a sum total of $852,680.67.

ACCORDINGLY:

1. This action is dismissed against defendant STB Energy, Inc.;

2. Anadarko Petroleum Corporation's motion for default judgment against defendants Hilton Petroleum, Inc. and KOB Energy, Inc. is granted.

3. Hilton Petroleum, Inc. is liable to Anadarko Petroleum Corporation in the amount of $115,057.20;

4. KOB Energy, Inc. is liable to Anadarko Petroleum Corporation in the amount of $852,680.67; and

5. The Clerk of the Court is directed to enter judgment for Anadarko Petroleum Corporation.

IT IS SO ORDERED.

**Dated: November 15, 2005**          /s/ Robert E. Coyle
668554                                 UNITED STATES DISTRICT JUDGE